Ms. Gloria Cabe Representative, District 59 415 Colonial Court Little Rock, Arkansas 72205
Dear Representative Cabe:
This is in response to your recent request for an opinion concerning the Interest on Lawyers Trust Accounts (IOLTA) program. Your question is whether Arkansas lawyers and financial institutions can participate in the IOLTA program under 12 U.S.C. § 1832(a) which provides as follows:
 (1) Notwithstanding any other provisions of law but subject to paragraph (2), a depository institution is authorized to permit the owner of a deposit or account on which interest or dividends are paid to make withdrawals by negotiable or transferable instruments for the purpose of making transfers to third parties.
 (2) Paragraph (1) shall apply only with respect to deposits or accounts which consist solely of funds in which the entire beneficial interest is held by one or more individuals or by an organization which is operated primarily for religious, philanthropic, charitable, educational, or other similar purposes and which is not operated for profit, and with respect to deposits of public funds by an officer, employee, or agent of the United States, any State, county, municipality, or political subdivision thereof, the District of Columbia, the Commonwealth of Puerto Rico, American Samoa, Guam, any territory or possession of the united States, or any political subdivision thereof.
Arkansas attorneys are authorized to commingle clients' funds held in trust in a separate bank account. Rule 1.15, Rules of Professional Conduct. The State Supreme Court authorized lawyers to participate in the IOLTA program on September 17, 1984, In the Matter of the Arkansas Bar Association, Petition to Authorize a Program Governing Interest on Lawyers' Trust Accounts, 283 Ark. 252,675 S.W.2d 355 (1984), modified only with respect to notice to clients on May 5, 1986.
The Court adopted the proposal subject to certain conditions:
 1. Interest be made available under the program only on a voluntary basis by participating attorneys and firms.
 2. No earnings from the funds can be made available to the attorneys or firms.
 3. Clients may specify that their funds are to be deposited in interest bearing accounts for their benefit as long as the funds are neither nominal in amount nor to be held for a short period of time.
 4. Client consent is not an element of the IOLTA program but clients shall be informed of the lawyer's participation by notice posted in the lawyer's office.
 5. Clients' funds nominal in amount or to be held for short periods by an attorney or firm not participating in the IOLTA program must be held in non-interest bearing demand accounts.
 6. The recipient of the interest earned on IOLTA accounts should be a non-profit corporation with a board made up as specified in the Court's opinion.
 7. The recipient should be required to obtain IRS exemption from taxation for attorneys and clients participating in the program as to interest earned on the accounts. The recipient should allocate net income to:
A. Legal aid for the poor,
B. Student loans and scholarships,
C. Improvement of administration of justice, and
D. Other purposes as the Court may approve.
 8. The bank should transfer earnings directly to the recipient and make periodic reports to the lawyer.
 9. The attorney shall determine whether a client's funds are nominal in amount or to be held for a short time.
The documents attached to your request indicate that the Arkansas IOLTA Foundation, Inc. was incorporated February 28, 1985 as a non-profit corporation. Its Articles of Incorporation state its purposes are to receive interest from attorneys' trust accounts, to use such income for the purposes specified by the Supreme Court in Arkansas Bar Association, supra and to make disbursements to organizations qualified as exempt under 501(c)(3) of the Internal Revenue Code of 1954. The Foundation has obtained an IRS advance ruling that it is exempt from federal income tax pursuant to 501(c)(3) of the Internal Revenue Code. Grantors and donors may rely on this determination until 90 days after the end of the advance ruling period on December 31, 1986, and afterwards, if the Foundation submits certain information, until a final determination is made.
It appears the Foundation is a non-profit corporation which exists to receive the interest generated by attorneys' trust accounts and that the net proceeds of same will be distributed solely for charitable legal purposes according to the conditions set out by the Supreme Court in Arkansas Bar Association, supra. The intent of 1832(a) appears to preclude for-profit entities from receiving the benefit of interest earned on such accounts. Although the beneficial interest of funds in the account is held by clients of the participating attorney, only the IOLTA Foundation receives any interest from the interest earned on the deposit. Such appears to be permitted by the intent of 12 U.S.C. § 1832(a)(2). Therefore, it is my opinion that Arkansas lawyers and financial institutions may participate in the Arkansas IOLTA program.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Thomas S. Gay.